Dear Representative Johns,
This office is in receipt of your letter dated March 15, 2006, requesting an Attorney General Opinion as to the requirements for relocating a licensed riverboat gaming operation. The facts as I understand them are that a riverboat gaming licensee operating in a parish which approved riverboat gaming in the November 5, 1996 election desires to purchase the ownership interests of another riverboat gaming licensee also operating in the same parish and change the licensed berth to the purchaser's existing site. It is also noted that the purchaser had been approved to conduct riverboat gaming operations at its existing berth by the Louisiana Gaming Control Board and by a parish wide election pursuant to the provisions of R.S. 18:1300.22 B. The question in such a situation is whether another parish wide election is required for the change of the riverboat location or berth.
It should be noted from the outset that riverboat gaming licenses are not transferable pursuant to the provisions of R.S.27:68 A. However in the past, the Gaming Control Board has approved the transfer of the ownership interest(s) in a riverboat licensee. Such approval would be required in the situation proposed.
The constitutional provision most directly applicable to the remaining issue, the change of a licensed riverboat berth, is art. XII, § 6(C)(2) which provides in part:
 (2) * * *
 In addition, no license or permit regardless of when issued shall be reissued, amended, or replaced to authorize the holder to conduct riverboat gaming, gambling, or wagering operations or activities at *Page 2 a berth or docking facility different from that authorized in the license or permit, unless a referendum election on a proposition to allow such gaming, gambling, or wagering operations or activities has been held in the parish in which the proposed berth or docking facility is located and the proposition has been approved by a majority of those voting thereon.
The fact that the voters in the parish approved riverboat gaming at the same location where an additional riverboat is proposed to be relocated raises an interesting question. It could be assumed that if riverboat gaming operations were recently approved by the voters in the parish at a specific berth, there would be no reason to believe that the voters would disapprove another riverboat at the same berth, and that arguably another election would not be necessary. Assumedly the intent of art. XII, § 6(C)(2) is to allow the voters of a parish to decide whether they want riverboat gaming in the parish and at a particular location within the parish, which would seem to have been accomplished in the factual situation proposed.
However the language of art. XII, § 6(C)(2) is clear and leaves no room for interpretation. It applies to any situation where a riverboat would be relocated to any berth "different from that authorized in the license". Clearly a different berth for this vessel is being proposed. When a law is clear and unambiguous and its application does not lead to absurd consequences the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9.
Accordingly it would appear clear that relocation of a riverboat to a new berth within the same parish would require a new referendum election where the proposition is approved by a majority of the voters.
For your additional information, the procedure for calling a referendum election required by the provisions of art. XII, § 6(C)(2) is contained in R.S. 18:1300.22 B., which provides:
 B. If the election is required by Article XII, Section 6(C)(2) of the Constitution of Louisiana, then such an election may be called either by law or by the adoption of a resolution or ordinance of the governing authority of the parish in which such an election would be required provided the license to conduct such riverboat gaming has been approved, subject to the outcome of the election, by the Gaming Control Board prior to the authorization for the election. The election authorized by this Subsection shall only apply to those parishes in which a majority of the electors of the parish voted to permit riverboat gaming in the election authorized in R.S. *Page 3 
18:1300.21, and conducted at the 1996 congressional general election.
Accordingly it is the opinion of this office that the Louisiana Gaming Control Board must approve the relocation of the licensed riverboat berth, even if to a location previously approved by the voters for riverboat gaming operations. Further, such approval must occur prior to the calling of the local parish election, subject to the results of that election. Unlike the provisions of R.S. 18:1300.22 A. which requires an act of the legislature authorizing the election, an election in a parish to approve relocation of a licensed riverboat berth may be called by adoption of a resolution or ordinance of the parish governing authority.
Please advise if this office may be of any additional assistance.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: ______________________________
 Thomas A. Warner III, Senior Counsel
 Gaming Division